| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | Priority<br>Send<br>Enter<br>Closed |
| cc: order, docket<br>remand letter to San Bernardino Superior Court, Victorville<br>No. CIV VS 1204128 | **CIVIL MINUTES - GENERAL** | JS-5/JS-6<br>Scan Only |

| | | |
|---|---|---|
| **CASE NO.:** <u>ED CV 12-01773 SJO (SPx)</u> | **DATE:** | <u>October 29, 2012</u> |
| **TITLE:** <u>Miguel E. Torres v. Wells Fargo Bank, et al.</u> | | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT** [Docket No. 1]; **DISMISSING DEFENDANTS' MOTION TO DISMISS AS MOOT** [Docket No. 7]

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Notice of Removal ("Notice") filed on October 16, 2012. Wells Fargo removed this matter from San Bernardino County Superior Court, where Plaintiff Miguel E. Torres ("Plaintiff") filed his Complaint against Wells Fargo, NDEX West LLC, and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants"). For the following reasons, the Court **REMANDS** this action to San Bernardino County Superior Court.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges the following facts. On March 6, 2006, Plaintiff obtained a loan in the amount of $166,901.71 from Wells Fargo, which was secured by a Deed of Trust that was recorded against real property located at 8346 Onyx Road, Lucerne Valley, California 92356 ("the Property"). (Notice Ex. A, at 10, ECF No. 1.) After contacting Wells Fargo to modify his mortgage in May 2009, Plaintiff received a Home Affordable Modification Trial Period Plan on January 1, 2010, effective through April 2010, and a Home Affordable Modification Agreement on May 1, 2010, effective thereafter. (Notice Ex. A, at 13.) On December 9, 2010, Plaintiff filed a Chapter 7 Bankruptcy. (Notice Ex. A, at 13.) In December 2010, Plaintiff allegedly attempted to make his monthly mortgage payment but was denied the opportunity by Wells Fargo because Plaintiff was in an active bankruptcy. (Notice Ex. A, at 13.)

On August 25, 2011, NDEX West LLC ("NDEX"), acting as a trustee on behalf of Wells Fargo, recorded Notice of Default ("Notice of Default") with the San Bernardino County Recorder's office. (Notice Ex. A, at 14.) On November 2, 2011, NDEX recorded a Notice of Trustee Sale on behalf of Wells Fargo with the San Bernardino County Recorders Office, setting the date of sale for December 23, 2011. (Notice Ex. A, at 14.) Plaintiff was successful in postponing the trustee sale. (Notice Ex. A, at 14.)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 12-01773 SJO (SPx)          **DATE:** October 29, 2012

Plaintiff initiated this present action for wrongful foreclosure and fraud on September 7, 2012, contending that NDEX and Mortgage Electronic Registration Systems, Inc ("MERS") were not given authority to foreclose by the originating lender, Wells Fargo (Notice Ex. A, at 12.) As such, Plaintiff contends that the signatures on the Notice of Default are fraudulent. (Notice Ex. A, at 12.) Further, Plaintiff contends that Wells Fargo made false and deceptive statements to Plaintiff regarding loan modifications. (Notice Ex. A, at 15.) Wells Fargo filed a Notice of Removal on October 16, 2012, removing the action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. (Notice.) On October 29, 2012, Wells Fargo filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 7.)

II.     DISCUSSION

    A.     *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court finds it appropriate to determine whether subject matter jurisdiction exists.

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotation marks omitted).

    B.     Diversity Jurisdiction

Wells Fargo argues that this Court has jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity between the parties. Wells Fargo contends that complete diversity exists because (1) Plaintiff is a citizen of California; (2) Wells Fargo is a citizen of South Dakota; (3) NDEX is a citizen of Delaware, Minnesota, and Texas; and (4) MERS is a citizen of Delaware and Virginia. (Notice 3-5.)

Federal jurisdiction founded on 28 U.S.C. § 1332(a) requires complete diversity—all plaintiffs must be of different citizenship than all defendants—and an amount in controversy exceeding $75,000. *See* U.S.C. 28 § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-01773 SJO (SPx)</u>　　　　DATE: <u>October 29, 2012</u>

Plaintiff is an individual residing in California. (Compl. ¶ 1.) For diversity purposes, an individual is a "citizen" of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be *prima facie* evidence of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). In the absence of any evidence to the contrary, the Court finds that Plaintiff is a citizen of California based on the *prima facie* showing of her residence. Therefore, to establish complete diversity under § 1332(a), Barclays must show that neither Defendant is a citizen of California.

Wells Fargo alleges that it is a citizen of South Dakota. (Notice 3.) Wells Fargo notes that it is chartered and has its "main office" in South Dakota. (Notice 3.) However, Wells Fargo "has regularly described its principal place of business as San Francisco, California." *Stewart v. Wachovia Mortg. Corp., et al.*, No. 11-CV-06108, 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011). District courts throughout California have issued contradictory decisions as to whether a national banking association should be considered a citizen of the state where it has its primary place of business. Because of this ambiguity, the Court addresses this issue *sua sponte*.

　　C.　　<u>Wells Fargo's Citizenship</u>

28 U.S.C. § 1348 provides that "[a]ll national banking associations shall, for the purposes of all other actions [other than actions not pertinent here] . . ., be deemed citizens of the States in which they are respectively located." In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the United States Supreme Court decided whether the word "located" in § 1348 means the citizenship of national banking associations is determined by the place designated in the bank's articles of association as its main office or whether the bank was a citizen of every state in which it maintained a branch. In making its decision, the Court noted that the word "located" in § 1348 "is not a word of 'enduring rigidity,' but one that gains its precise meaning from context." *Id.* at 307. The Court then engaged in a review of the historical circumstances giving rise to the adoption of § 1348, finding that Congress intended to achieve the purpose of jurisdictional parity between state and national banks. The Court held:

> [A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located. Were we to hold, as the Court of Appeals did, that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities.

*Id.* Thus, the Court struck down the rule that a national bank is a citizen of every state in which it maintains a branch, instead opting for a rule that a national bank is a citizen of the state where its main office is located, as listed in its articles of association. The Court did not consider, however, whether a national bank is also a citizen of the state where it maintains its principal place

Case 5:12-cv-01773-SJO-SP Document 9 Filed 10/29/12 Page 4 of 5 Page ID #:182

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 12-01773 SJO (SPx)        **DATE:** October 29, 2012

of business. In *Schmidt*, the state where the main offices were located was the same state as the bank's principal place of business, which the Court acknowledged: "The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide." *Id.* at 317 n.9.

This is not such a case. Wells Fargo has a principal place of business in California, but its main office, as listed in its articles of association, is in South Dakota. *Schmidt* does not foreclose the possibility that a national bank is a citizen of the state where it has its principal place of business—that issue was not before the Supreme Court, and thus the justices did not have occasion to decide it. As mentioned above, the Court also noted that the word "located" in § 1348 is not a word of "enduring rigidity," but rather "one that gains its precise meaning from context." *Id.* at 306-07. Therefore the Supreme Court "signaled that the definitional content it provided for the word did not foreclose the possibility that further context would support an expanded definition." *Stewart*, 2011 WL 3323115, at *5. Additionally, the Court noted that Congress's goal in adopting § 1348 was to provide parity for state-chartered banks and national banks. *Id.* "A state chartered bank is a citizen not only of the state in which it is incorporated, but [also] of the state where its principal place of business is located." *Id.*; *see also* 28 U.S.C. § 1332(c)(1); *Goodman v. Wells Fargo Bank, N.A.*, No. 11-CV-2685, 2011 WL 2372044, at *2 (C.D. Cal. June 1, 2011); *Mount v. Wells Fargo Bank, N.A.*, No. 08-CV-6298, 2008 WL 5046286, at *2) (C.D. Cal. 2008). Because state-chartered banks are citizens of their state of incorporation and also the state where their principal place of business is located, parity for national banks would be achieved by deeming them to be citizens both of the state where their articles of association list their main office and also the state where their true principal place of business is located.

One reason federal courts have subject matter jurisdiction over diversity cases is to alleviate the possibility that state courts will have a bias against "outsiders." *See, e.g., Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). Courts should thus make citizenship determinations for entities "with an eye to ensuring that a[n entity] is a citizen of the place in which it is least likely to suffer prejudice." *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009). Particularly where Wells Fargo has conceded that its principal place of business is in California, the Court does not believe that Wells Fargo is likely to suffer prejudice from the California state court system.

The Court is aware that other cases from the Central District of California have held that Wells Fargo is not a citizen of California for diversity purposes. As these decisions are not from the United States Supreme Court or the Ninth Circuit, they are not directly controlling. Other cases from the Central District of California, including *Stewart*, have applied the principal place of business test and determined that Wells Fargo is a California citizen for diversity purposes. *Stewart*, 2011 WL 3323115, at *4. The Court is persuaded by and adopts the reasoning in *Stewart*. This outcome is particularly appropriate given the Ninth Circuit's admonition that District Courts should reject federal jurisdiction "if there is any doubt as to the right of removal in the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-01773 SJO (SPx)   DATE: October 29, 2012

instance." *Gaus*, 980 F.2d at 566; *see also Couture v. Wells Fargo Bank, N.A.*, No. 11–CV–1096, 2011 WL 3489955, at *3 n.3 (S.D. Cal. Aug. 9, 2011) (noting that Wells Fargo's citizenship is "a murky jurisdictional issue . . . . [and that] it remains unsettled whether, for the purposes of diversity jurisdiction, a national bank is a citizen solely of the state listed on its articles of association as its main office or of both that state and the state of its principal place of business.").

The Court concludes that Wells Fargo is a citizen of California because its principal place of business is in California. In the absence of complete diversity, the Court does not have subject matter jurisdiction.

III.    RULING

The Court **REMANDS** this case to the Superior Court of California, County of San Bernardino, and **DISMISSES AS MOOT** Wells Fargo's Motion to Dismiss.

IT IS SO ORDERED.